UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KV PHARMACEUTICAL COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> KVK-TECH, INC., <br><br> Defendant. | Civil Action No. 4:07cv1951 (JCH) |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ordered:

1. The parties stipulate to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of information that either Party designates as "Confidential" And "Highly Confidential - Attorneys Eyes Only."

2. All Confidential documents and information shall be used solely for the purpose of this action. Any other use by the parties to this action is prohibited. No person receiving Confidential documents and information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information, documents or their contents to any person other than those specified in paragraph 4.

3. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record and their support staff in this action;

"Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Examples of such

information or materials include materials a party reasonably and in good faith believes contain or disclose information that the party, in the ordinary course of business, does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential.

"Highly Confidential — Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that would be of value to a competitor or potential customer of the party or third party holding the proprietary rights thereto, and that must be protected from disclosure. Examples of such information or materials include a party's trade secrets; confidential technical or business information; technical practices; methods or other know-how; present or future marketing plans; product profit data or other projections; financial data; business strategy; confidential agreements or relationships with third parties; or materials that a party is under a pre-existing obligation to a third party to treat as such.

"Documents" means all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means consultants or entities retained by outside counsel to assist or serve as experts, mock jurors, jury consultants, translators, interpreters, graphic artists or document/information consultants, messenger, copy, coding, computer forensics, and other clerical-services vendors when employed by a Party or its Attorneys for any of these services;

"Parties" means KVK-Tech, Inc., and KV Pharmaceutical Company; and

"Written Certification" means an executed declaration in the form attached as Exhibit A. Notwithstanding any other provision in this stipulation, third parties whose only involvement with Highly Confidential - Attorneys Eyes Only or Confidential documents is ministerial or administrative (including but not limited to copy services or messengers) and who are not tasked to review and understand the contents of the documents need not execute a Written Certification.

4.  Access to any "Highly Confidential - Attorneys Eyes Only" document shall be limited to:

   a)  the Court and its staff;

   b)  Attorneys, their law firms, and their Outside Vendors, prodvided as to the latter that the Outside Vendor executes a Written Certification in the form of Exhibit A hereto;

   c)  Outside Vendors retained or in good faith proposed to be retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial and their secretarial, clerical, and other supporting personnel, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony; provided that the disclosure of Highly Confidential - Attorneys Eyes Only documents to such an expert or consultant shall be made only after;

      i)  Counsel desiring to disclose Highly Confidential - Attorneys Eyes Only documents to such an expert or consultant obtains a completed and signed Written Certification in the form of Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed and signed Assurance and the expert's or consultant's current curriculum vitae to counsel for the producing Party; and

      ii) Expiration of seven (7) business days (or earlier if the Parties so

3

        agree in writing between themselves), commencing with the receipt by counsel for the producing Party of a copy of the expert's or consultant's completed and signed Written Certification and current curriculum vitae. During this period, counsel for the producing Party may object in writing to the disclosure of Highly Confidential - Attorneys Eyes Only documents to this expert or consultant for good cause, e.g., an identified conflict of interest. If counsel for the producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered in said seven (7) day period. In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of Highly Confidential - Attorneys Eyes Only documents to the expert or consultant until there is an express written agreement of the Parties or order of this Court removing the objection;

d)    persons (whether or not deponents) shown on the face of the document or by other documents or testimony to have authored or received it, and deponents who are: (i) current employees of the company from the files of which the documents were produced; or (ii) former employees of the company from the files of which the documents were produced and who already possess knowledge of the content of the document;

e)    court reporters or videographers retained to transcribe or videotape

4

testimony.

5.  Access to any Confidential document shall be limited to:

   a) the Court and its staff;

   b) Attorneys, their law firms, and their Outside Vendors, provided as to the latter that the Outside Vendor executes a Written Certification in the form of Exhibit A hereto;

   c) A single in-house attorney for the Parties who have executed a declaration that they are not engaged in competitive decision making related to the products involved in this action and the secretarial, clerical, paralegal and other supporting personnel of said attorney working on this case; in-house counsel and/or legal department members shall segregate Confidential documents (and any copies thereof) from other company and other department records including keeping any Confidential documents (and any copies thereof) in a locked storage cabinet (or its functional equivalent including electronic mechanisms such as password protected emails) to which only they have access. While the parties recognize that multiple electronic copies may have to co-exist at the same time due to unavoidable technological issues, the intention of this agreement is that each designated in house counsel shall maintain at any one time only one copy of the Confidential documents. The in-house attorney designated by each Party who shall be permitted access to Confidential documents under this subparagraph are as follows:

        i)      Plaintiff KV: (1) Ray DeRise

        ii)     Defendant KVK-Tech: (1)

d)     Outside Vendors retained or in good faith proposed to be retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial and their secretarial, clerical, and other supporting personnel, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony; provided that the disclosure of Confidential documents to such an expert or consultant shall be made only after:

        i)      Counsel desiring to disclose Confidential documents to such an expert or consultant obtains a completed and signed Written Certification in the form of Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed and signed Assurance and the expert's or consultant's current curriculum vitae to counsel for the producing Party; and

        ii)     Expiration of seven (7) business days (or earlier if the Parties so agree in writing between themselves), commencing with the receipt by counsel for the producing Party of a copy of the expert's or consultant's completed and signed Written Certification and current curriculum vitae. During this period, counsel for the producing Party may object in writing to the disclosure of Confidential documents to this expert or consultant for good cause,

e.g., an identified conflict of interest. If counsel for the producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered in said seven (7) day period. In the event that a good-faith objection is made within the prescribed period, there shall be no disclosure of Confidential documents to the expert or consultant until there is an express written agreement of the Parties or order of this Court removing the objection;

e) persons (whether or not deponents) shown on the face of the document or by other documents or testimony to have authored or received it, and deponents who are: (i) current employees of the company from the files of which the documents were produced; or (ii) former employees of the company from the files of which the documents were produced and who already possess knowledge of the content of the document;

f) court reporters or videographers retained to transcribe or videotape testimony.

6. Third parties producing documents in the course of this action may also designate documents as Highly Confidential-Attorneys Eyes Only or Confidential subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as Confidential for a period of fifteen (15) days from the date of their production, and during that period any Party may designate such documents as

Confidential pursuant to the terms of the Protective Order.

7.      Nothing in this Stipulation for Protective Order shall be construed to require the disclosure of information, documents or things protected from disclosure by the attorney-client privilege, the attorney-work product immunity or any other applicable privilege or immunity. A producing Party may produce a redacted version of information, documents or things that it contends is protected from disclosure by the attorney-client privilege, the attorney-work product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "Redacted-Privileged." In the event that a Party inadvertently or mistakenly produces information, documents or things that are protected from disclosure under the attorney-client privilege, work-product immunity or any other identified applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work-product immunity or any other identified applicable privilege or immunity. A producing Party may promptly (from the time when the producing Party discovers it has inadvertently or mistakenly produced such information) notify the receiving Party of the inadvertent production in writing and request that the inadvertently produced information, documents or things be returned to the producing Party. Within three (3) business days of receiving such notice and request, the receiving Party shall return or destroy the inadvertently or mistakenly produced information, documents or things identified by the producing Party. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information, except that the receiving Party may retain one copy of such material for the purpose of submitting such material to the Court under seal. The receiving Party may challenge the claim of privilege or immunity asserted by the producing Party upon motion to the Court only after the

receiving Party has destroyed or returned the inadvertently produced document to the producing Party.

8. All depositions or portions of depositions taken in this action that contain confidential information may be designated Confidential and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party and court reporter within ten (10) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the ten (10) day period following receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any Party who inadvertently fails to identify documents as Confidential shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. If a Party files a document containing Confidential information with the Court, it shall do so in compliance with the appropriate procedure for the Eastern District of Missouri. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

11. Any Party may request a change in the designation of any information designated "Confidential." The Party to whom the request is made shall provide a response as soon as

9

possible given the nature of the request and the scope of the documents. Any such document shall be treated as designated until the change is completed. In addition, a Party may request a producing Party to allow it to show Confidential documents to specified person(s) not otherwise permitted to view the document, solely to allow that Party to pursue or defend the litigation. If such request is granted, the documents shall still be treated as Confidential with the exception that these specified person(s) may view the documents for that limited purpose after executing a Written Certification. If any requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third Party whose designation of produced documents as Confidential in the action may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Within sixty (60) days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing Party all documents designated by the opposing Party as Confidential and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Party shall provide a certification as to such return or destruction within the sixty (60) day period. Notwithstanding the foregoing, if any Confidential documents are discovered after this sixty (60) day period, they shall be immediately destroyed or returned. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all motions, memorandum of law, and correspondence generated in connection with the action.

13. Any Party may apply to the Court for a modification of the Protective Order and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

10

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

APPROVED AS TO FORM:

_____
KV Pharmaceuticals, Inc.

Stephen H. Rovak
Sonnenschein Nath & Rosenthal LLP
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102-2741

Bassam N. Ibrahim
S. Lloyd Smith
Bryce J. Maynard
Buchanan Ingersoll & Rooney, PC
1737 King Street, Suite 500
Alexandria, Virginia 22314-2756

*Attorneys for Plaintiff KV Pharmaceutical Company*

_[signature]_
KVK-TECH, INC.

Teresa Dale Pupillo, #49909
Timothy F. McCurdy, #118685
CARMODY MACDONALD P.C.
120 South Central Avenue, Suite 1800
St. Louis, MO 63105
Tel: (314) 854-8600
Fax: (314) 854-8660

Benjamin E. Leace
RATNERPRESTIA
1235 Westlakes Drive, Suite 301
Berwyn, PA 19312
Tel: (610) 407-0700
Fax: (610) 407-0701

*Attorneys for Defendant KVK-Tech, Inc.*

_Protective order to be lifted Dec 31, 2010._

IT IS SO ORDERED:

Dated: Sept. 10, 2008              BY THE COURT:

_[signature]_
United States District Judge

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KV PHARMACEUTICAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KVK-TECH, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 4:07cv1951 (JCH) |

### WRITTEN CERTIFICATION

1. I, _____ declare that I reside at _____ in the City of _____, State of _____.

2. I am currently employed by _____, located at _____, and my current job title is _____.

3. I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 4:07cv1951 (JCH), pending in the United States District Court for the Eastern District of Missouri. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

4. I shall not divulge any documents, or copies of documents, designated Confidential obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective

Order. I shall not copy or use such documents except for the permitted purposes of this action set forth in the Protective Order and pursuant to the terms of the Protective Order. As soon as practical, but not later than thirty (30) days after final termination of this action, I shall destroy or return to the attorney from which I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

5. I submit myself to the jurisdiction of the United States District Court for the Eastern District of Missouri for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on_____        _____
          (Date)                                (Signature)

2